1  ISMAIL J. RAMSEY (CABN 189820s)
   United States Attorney

2

3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division

4  EMILY R. DAHLKE (CABN 322196)
   Assistant United States Attorney

5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7124
7       Fax: (415) 436-7234
        Emily.Dahlke@usdoj.gov

8
   Attorneys for United States of America

9
                    UNITED STATES DISTRICT COURT

10
                  NORTHERN DISTRICT OF CALIFORNIA

11
                      SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,          )   **CASE NO. 3:23:CR-00107 SI**
                                       )
14          Plaintiff,                 )   **UNITED STATES' MOTION FOR DETENTION**
                                       )
15      v.                             )   Date:   April 25, 2023
                                       )   Time:   10:30 a.m.
16  FABRICIO RAMIREZ,                  )   Court:  Honorable Lisa J. Cisneros
                                       )
17          Defendant.                 )
                                       )
18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' DETENTION MEMORANDUM      1
3:23:CR-00107 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

On March 22, 2023, at around 7 p.m., Fabricio Ramirez ("Defendant") was arrested by San Francisco Police Department (SFPD) when he was observed engaging in a drug sale in UN Plaza. Defendant fled from police, and when apprehension became inevitable, he threw the backpack he was wearing over a tall stone wall. Inside the backpack, defendant had a staggering quantity and variety of deadly drugs including: 450 grams of fentanyl, methamphetamine, cocaine, suspected alprazolam and suspected oxycodone pills. On the date he was arrested, the defendant had two open fentanyl drug sales cases in San Francisco from September of 2022 and as a condition of his pre-trial release on one of those cases had a stay-away order from the Tenderloin.

The defendant is a danger to the community. This case is his third arrest for selling fentanyl in San Francisco since September of 2022. He is also a substantial flight risk. He is not a United States citizen. On the date he was arrested he was in UN Plaza, in direct violation of the state court's stay-away order and he fled from police. To safeguard his appearance at trial, and to ensure the safety of the community, the government respectfully requests that he be detained pending trial.

## II.     FACTUAL BACKGROUND

### A.     Charged Conduct

On March 22, 2023, SFPD observed the defendant engage in a hand-to-hand drug transaction near UN Plaza. As SFPD officers moved in to arrest the defendant, he fled from police, first on his bike, and then eventually on foot. As police closed in on the defendant, they saw him throw the black backpack he was wearing over a brick wall, in to the courtyard of a church on Golden Gate Avenue. SFPD retrieved the back. Inside, the defendant had a digital scale, a variety of clear plastic baggies and the following drugs: 450 grams of fentanyl, 16 grams of methamphetamine, 18 grams of cocaine, 64.5 grams of suspected alprazolam and 9.7 grams of suspected oxycodone pills.

On April 12, 2023, a federal grand jury in the Northern District of California returned an indictment charging the defendant with one count of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(vi), possession with intent to distribute 40 grams and more of fentanyl.

### B.     Defendant's Criminal History

The instant case is the defendant's third arrest for fentanyl sales in San Francisco.

1    On September 2, 2022, SFPD saw the defendant engage in a number of hand-to-hand drug sales

2   in UN Plaza near the Civic Center BART escalator entrance. On that date, he possessed the following

3   drugs: over 303 grams of fentanyl, 29 grams of methamphetamine, 13 grams or heroin, and 6 grams of

4   cocaine. The defendant was arrested and charged. He was released pre-trial, with a specific court order

5   to stay-away from UN Plaza. That case is currently pending trial in San Francisco Superior Court.

6    Five days later he was again arrested for selling fentanyl in San Francisco. On September 7,

7   2022, the defendant sold fentanyl to an undercover officer near 7th and Natomas, in the SoMa

8   neighborhood of San Francisco. He was again arrested and charged. He was released pending trial. That

9   case is currently pending trial in San Francisco Superior Court.

10   ### III.      LEGAL STANDARD

11    Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail

12   where "the judicial officer finds that no condition or combination of conditions will reasonably assure

13   the appearance of the person as required and the safety of any other person in the community." 18

14   U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a

15   flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767

16   F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be

17   supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be

18   supported by a preponderance of the evidence. *Id.*

19    "[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated

20   in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those

21   factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence

22   against the defendant; (iii) the history and characteristics of the defendant, including the defendant's

23   character, physical and mental condition, family and community ties, past conduct, history relating to

24   drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well

25   as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature

26   and seriousness of the danger to any person or to the community that would be posed by the defendant's

27   release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

28    Where there is probable cause that a defendant has violated an offense for which a maximum of

1  ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable

2  presumption that no condition or combination of conditions will reasonable assure the defendant's

3  appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this

4  scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F. 3d 1081, 1086 (9th

5  Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it

6  remains in the case as an evidentiary finding militating against release that is to be weighted along with

7  other relevant factors. *See id.*

### IV.     ARGUMENT

**A.     The defendant faces a rebuttable presumption in favor of detention.**

10  On March 22, 2023, the defendant was arrested in physical possession of fentanyl. A grand jury

11  returned an indictment charging him with possession to distribute fentanyl. Therefore, there is probable

12  cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten

13  years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable

14  presumption that no condition or combination of conditions will reasonably assure the appearance of the

15  person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

**B.     The defendant cannot overcome the presumption that he is a flight risk.**

17  The defendant is a substantial flight risk. He is not a citizen of the United States. When

18  approached by police on March 22, 2023, he fled, leading multiple officers on a foot chase. He also

19  attempted to hide evidence, when he threw his backpack full of drugs over the stone wall. He was seen

20  selling drugs near UN Plaza, despite the state court issuing an order for him to stay away from UN

21  Plaza. He faces a severe penalty if convicted and possible deportation. Additionally, the evidence

22  against the defendant is very strong. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cr. 1991)

23  (strong evidence of guilt "makes it more likely that he will flee"). For all these reasons, he poses a

24  substantial flight risk.

**C.     The defendant cannot overcome the presumption that he is a danger to the community.**

The defendant has been arrested for selling fentanyl in San Francisco on three separate occasions

in the last 6 months. He had large quantities of fentanyl and other drugs on his person when he was

1   arrested on September 2, 2022. Five days later, on September 7, 2022, despite having an open criminal

2   case for selling fentanyl, he was selling drug again, this time to an undercover officer. That arrest also

3   did not deter him. On March 22, 2023, he was arrested a third time for selling deadly fentanyl in San

4   Francisco. Two milligrams of fentanyl is considered a lethal dose. [1] On March 22, 2023, the defendant

5   had nearly a pound. Even with two state criminal cases looming and a stay away order from UN Plaza,

6   the defendant persisted in selling deadly drugs. Based on his recent, prior conduct the defendant will

7   continue to sell lethal drugs if he is released from custody.

8                                              **V.        CONCLUSION**

9            The defendant cannot overcome the presumption that there are no set of conditions that will

10  reasonably assure the safety of the community or ensure his appearance at court proceedings. The Court

11  should order the defendant detained pending trial.

12

13  DATED:  April 24, 2023                                        Respectfully submitted,

14                                                               ISMAIL J. RAMSEY
                                                                 United States Attorney
15

16
                                                                  */s/ Emily R. Dahlke*
17                                                               EMILY R. DAHLKE
                                                                 Assistant United States Attorney
18

19

20

21

22

23

24

25

26

27

28
            [1] https://www.dea.gov/resources/facts-about-fentanyl